UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| BEAU A. DERISE | CIVIL ACTION NO. 6:21-CV-03670 |
| VERSUS | JUDGE SUMMERHAYS |
| UNITED STATES DISTRICT COURT, MONROE DIVISION | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATION

Plaintiff Beau A. Derise is proceeding in this lawsuit without the assistance of legal counsel and *in forma pauperis*. His complaint was screened under 28 U.S.C. § 1915(e)(2)(B) to determine whether his claims are frivolous, malicious, or fail to state a claim upon which relief may be granted. For the reasons fully explained below, it is recommended that this lawsuit should be dismissed for failure to state a claim upon which relief may be granted, and it is further recommended that Mr. Derise should be barred from filing any further lawsuits in this court without first obtaining leave to do so.

### Background

In his complaint, Mr. Derise alleged that an Allstate representative named John Henrich is a terrorist who caused ISIS broadcasting equipment to be installed inside the United States courthouse in Monroe, Louisiana. Mr. Derise alleged that this was done to support federal fraud and terrorism and to protect Allstate and other corporations from lawsuits filed by Mr. Derise in 2018 and 2020. Mr. Derise also

alleged that Mr. Henrich placed micro-transmitters inside his ears, which have not yet been surgically removed. He seeks to recover "68 zillion dollars."[1]

## Law and Analysis

### A. Leniency for Pro Se Litigants

Mr. Derise is not represented by counsel. The pleadings of *pro se* litigants are held to a more lenient standard than those of attorneys[2] and are construed liberally to prevent a loss of rights that might result from inartful expression.[3] However, *pro se* plaintiffs are required to plead factual allegations that rise above a speculative level,[4] and courts should not create causes of action where none exist.[5] A *pro se* litigant should ordinarily be offered an opportunity to amend his complaint before it is dismissed,[6] but leave to amend is not required if an amendment would be futile, or if, in other words, an amended complaint would still fail to survive a Rule 12(b)(6)

---

[1] Rec. Doc. 1 at 5.

[2] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

[3] *Cledera v. United States*, 834 Fed. App'x 969, 972 (5th Cir. 2021) (citing *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006)).

[4] *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016); see, also, *Taylor v. Books A Million, Inc.*, 296 F.3d at 378.

[5] *Cledera v. United States*, 834 Fed. App'x at 972); *Smith v. CVS Caremark Corp.*, No. 3:12-CV-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013).

[6] *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020); *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).

motion to dismiss.[7] Furthermore, pro se litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."[8] Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees – indeed, are not entitled to sue and appeal, period."[9]

**B.** **Screening of Complaints Filed *In Forma Pauperis***

Mr. Derise filed a motion for *in forma pauperis* status along with his complaint,[10] which was granted.[11] An indigent person may bring an *in forma pauperis* action in federal court without paying costs.[12] District courts screen such complaints and may dismiss them at any time if the allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.[13] A dismissal "at any time" includes dismissal at the initiation of the action,

---

[7]  *Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014).

[8]  *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

[9]  *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

[10]  Rec. Doc. 2.

[11]  Rec. Doc. __.

[12]  28 U.S.C. § Section 1915(a)(1).

[13]  28 U.S.C. § 1915(e)(2).  See, also, *Smilde v. Snow*, 73 Fed. App'x 24, 25 (5th Cir. 2003).

before the defendant has appeared.[14] This "discourage[s] the filing of, and waste of judicial and private resources upon, baseless lawsuits"[15] and "spare[s] prospective defendants the inconvenience and expense of answering such complaints."[16] A court must not dismiss a complaint simply because the facts presented by the plaintiff appear unlikely.[17] However, a complaint must allege a set of facts sufficient "to state a claim. . . that is plausible on its face."[18] Therefore, a district court may review a complaint and dismiss *sua sponte* those claims premised on meritless legal theories and those that clearly lack any basis in fact.[19]

District courts are vested with especially broad discretion in determining whether a dismissal for frivolousness is warranted in cases brought by plaintiffs *in forma pauperis*,[20] and dismissal is appropriate if a complaint has no "realistic chance

---

[14]  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

[15]  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[16]  *Neitzke v. Williams*, 490 U.S. at 324.

[17]  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

[18]  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[19]  *Denton v. Hernandez*, 504 U.S. at 32 (citing *Neitzke v. Williams*, 490 U.S. at 327).

[20]  *Green v. McKaskle*, 788 F.2d at 1119.

of ultimate success"[21] or is "clearly baseless."[22] A complaint is frivolous if it "lacks an arguable basis either in law or in fact."[23] A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory,"[24] while factually frivolous claims are those in which the facts alleged are clearly baseless, fanciful, fantastic, delusional, irrational, or wholly incredible.[25]

In determining whether a complaint filed by a plaintiff proceeding *in forma pauperis* fails to state a claim, the court should apply the same standards governing dismissals under Fed. R. Civ. P. 12(b)(6).[26] Thus, the court must limit itself to the contents of the pleadings, accept all well-pleaded facts as true, view the facts in a light most favorable to the plaintiff,[27] and determine whether the plaintiff has plead "enough facts to state a claim to relief that is plausible on its face."[28]

---

[21] *George v. King*, 837 F.2d 705, 707 (5th Cir. 1988) (quoting *Green v. McKaskle*, 788 F.2d at 1120).

[22] *Denton v. Hernandez*, 504 U.S. at 32.

[23] *Brewster v. Dretke*, 587 F.3d at 767; *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

[24] *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013); *Talib v. Gilley*, 138 F.3d at 213.

[25] *Talib v. Gilley*, 138 F.3d at 213 (clearly baseless); *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (irrational or wholly incredible); *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995) (fanciful, fantastic, delusional).

[26] *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).

[27] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[28] *Bell Atlantic v. Twombly*, 550 U.S. at 570.

## C.     Available Sanctions

Litigants who file frivolous pleadings may be sanctioned. Under Fed. R. Civ. P. 11(b), litigants have an obligation to make only nonfrivolous arguments to support their factual contentions with evidentiary support. Violations of this rule subject a litigant to sanctions, including non-monetary ones, with the goal of "deter[ring] repetition of the conduct."[29] This rule gives district courts wide discretion in determining what sanctions are appropriate.[30] A court may order a party to show cause why conduct has not violated Rule 11 and impose sanctions *sua sponte*.[31]

Federal courts also have the inherent power to sanction abusive litigation practices "to protect the efficient and orderly administration of justice and. . . to command respect for [their] orders, judgments, procedures, and authority."[32] Within this inherent authority is the ability to issue a prefiling injunction to deter vexatious filings with the court.[33] "A district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation."[34] If issued, a

---

[29]     Fed. R. Civ. P. 11(c)(4).

[30]     *Mercury Air Group, Inc. v. Mansour*, 237 F.3d 542, 548 (5th Cir. 2001).

[31]     Fed. R. Civ. P. 11(c)(3).

[32]     *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993).

[33]     *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008).

[34]     *Baum v. Blue Moon Ventures, LLC*, 513 F.3d at 187.

prefiling injunction must be tailored to preserve the legitimate rights of litigants while also protecting the courts and innocent parties.[35] When determining whether the imposition of a prefiling injunction would be appropriate, the court must weigh all relevant circumstances, including four main factors:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.[36]

Notice and a hearing are required if the district court *sua sponte* imposes a prefiling injunction.[37]

### D. The Complaint Does Not State a Plausible, Nonfrivolous Claim

In this lawsuit, Mr. Derise asserted claims that are clearly baseless. He did not articulate a legal theory with any plausible merit, nor did he articulate any factually plausible claims. His complaint lacks both an arguable basis in law and an arguable basis in fact and is, therefore, frivolous.

Mr. Derise did not allege facts supporting his conclusory contentions that an Allstate representative installed ISIS broadcasting equipment in the Monroe

---

[35] *Baum v. Blue Moon Ventures, LLC*, 513 F.3d at 187; *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986).

[36] *Baum v. Blue Moon Ventures, LLC*, 513 F.3d at 189.

[37] *Baum v. Blue Moon Ventures, LLC*, 513 F.3d at 189.

courthouse and implanted micro-transmitters in his ears. To the contrary, Mr. Derise's complaint contains irrational and nonsensical allegations, lacking a concrete factual basis sufficient to establish a nonfrivolous claim. His allegations may be characterized as fanciful, fantastic, and delusional, and the complaint contains insufficient factual matter to support an inference that the defendant is liable for the alleged misconduct. Therefore, Mr. Derise failed to state a plausible claim on which relief can be granted.

Furthermore, Mr. Derise's complaint lacks a valid legal premise. He asserted a claim against the court, indicating that his claim arises under 42 U.S.C. § 1983 and is against federal officials. But no federal officials are named as defendants in the suit. The only person identified in the complaint is John Henrich. Mr. Henrich is alleged to be an Allstate representative, is not alleged to be a government actor, and was not named as a defendant. Critically, there can be no Section 1983 liability unless the plaintiff has suffered a constitutional violation at the hands of a state actor.[38] But Mr. Derise neither sued a state actor nor alleged a constitutional violation. Therefore, he failed to articulate a potentially meritorious legal theory.

---

[38] See, e.g., *Doe ex rel. Magee v. Covington County School Dist. ex rel. Keys*, 675 F.3d 849, 867 (5th Cir. 2012).

Finally, this Court is persuaded that allowing Mr. Derise to amend his complaint would be futile. He has now filed several complaints,[39] many of which seem to begin with an alleged 2015 automobile accident, allude to terrorism, and decry the presence of ISIS-related broadcasting equipment in various locations. In essence, he has already made multiple attempts to articulate his claims, all of which are difficult to comprehend and lack plausibility. In April 2021, he was offered an opportunity to clarify his complaints by testifying in court at a *Spears* hearing, but he failed to appear.[40] Therefore, another attempt at a clear articulation of his claims is unnecessary. For these reasons, this Court recommends that Mr. Derise's complaint should be dismissed for failure to state a claim on which relief can be granted.

Furthermore, due to Mr. Derise's persistently vexatious litigation history and his unabated filing of baseless lawsuits, this Court recommends that Mr. Derise should be sanctioned and barred from proceeding *in forma pauperis* in any civil action in this court without first obtaining leave of court to do so. Mr. Derise has filed numerous lawsuits involving largely duplicative allegations, asserting frivolous claims against a variety of defendants, based on untenable legal predicates. These

---

[39] By this Court's latest tally, Mr. Derise has filed thirty-four lawsuits in this division of the court this year.

[40] See Rec. Doc. 4 in Civil Action No. 21-cv-00069, which is the transcript of the proceedings held on April 8, 2021 before this Court.

lawsuits constitute an unnecessary burden on the court, and Mr. Derise has not heeded prior warnings to stop filing frivolous suits.[41] There apparently is no alternative sanction. Accordingly, the relevant factors weigh in favor of barring Mr. Derise from initiating lawsuits in this court absent permission to do so.

## Conclusion

For the foregoing reasons,

IT IS FURTHER RECOMMENDED that Mr. Derise's complaint should be dismissed for failure to state a plausible, nonfrivolous claim on which relief can be granted; and

IT IS FURTHER RECOMMENDED that Mr. Derise should be ordered to show cause in open court why he should not be placed on the list of sanctioned/barred litigants for this district, so that he can be barred from filing any action in the United States District Court for the Western District of Louisiana without first obtaining the approval and authorization of the chief judge.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of

---

[41] See, e.g., Rec. Doc. 7 at 1-2 in Civil Action No. 21-cv-00069 ("as Mr. Derise's complaints fail to state any plausible, nonfrivolous claims on which relief can be granted, he is hereby WARNED that the filing of any additional frivolous lawsuits will result in his being ordered to show cause why he should not be placed on the list of sanctioned/barred litigants. . . .").

Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[42]

Signed at Lafayette, Louisiana, this 20th day of October 2021.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[42] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1).